Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MANUEL MORALES-SOLIS, | Case No.: 22 CV 1564 |
| Plaintiff, | **COMPLAINT in an** |
| -against- | **FLSA ACTION** |
| FIRST DAVI ENTERPRISES, INC., *doing business as* PETE'S GRILL DINER, and PANDZYIOTIS MOUNDROS, individually, | ECF Case |
| Defendants. | |

---

Plaintiff, Manuel Morales-Solis ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, First Davi Enterprises, Inc., *doing business as* Pete's Grill Diner, (herein, "Pete's Grill"); or any predecessor or successor business entity doing business as Pete's Grill Diner, located at 39-14 Queens Blvd., Sunnyside, New York 11104; and Pandzyiotis Moundros, individually (both defendants collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day he worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### *THE PLAINTIFF*

5. Plaintiff is an adult resident of Queens County, New York.

6. Plaintiff was an employee of First Davi Enterprises, Inc., doing business as Pete's Grill Diner, in Queens County, New York, beginning in 2009 and ending on February 20, 2022, without interruption.

### *THE DEFENDANTS*

7. At all relevant times, Defendant, First Davi Enterprises, Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as Pete's Grill Diner, located at 39-14 Queens Boulevard, Sunnyside, New York 11104.

8. Defendant Pandzyiotis Moundros is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant First Davi Enterprises, Inc., who

actively participated, and continues to participate in the day-to-day operations of the corporate defendant, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with First Davi Enterprises, Inc.

9. The individual defendant exercised control over the terms and conditions of Plaintiff's employment in that, at all times relevant to this action, he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

10. Defendant, Pandzyiotis Moundros, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid. He is present in the restaurant on a daily basis and personally directs the work of his employees, including Plaintiff.

11. Defendant Pandzyiotis Moundros exercised sufficient control over Pete's Grill's day-to-day operations as to be considered an employer of Plaintiff, under the FLSA and New York Labor Law.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

13. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, was, and continues to be, an "enterprise engaged in

3

commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

14. At all relevant times, First Davi Enterprises, Inc., dba Pete's Grill Diner was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At relevant times, Defendant First Davi Enterprises, Inc., dba Pete's Grill Diner had an annual gross volume of sales in excess of $500,000.

16. Defendants employed Plaintiff in Queens County, New York, as a dishwasher, cleaner, food preparer and general helper/delivery person.

17. The work performed by Plaintiff was directly essential to the restaurant business operated by the corporate and individual Defendants.

18. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

## STATEMENT OF FACTS

21. Plaintiff, Manuel Morales-Solis, was employed by Defendants in Queens County, New York, as a dishwasher, cleaner, food preparer and general helper/delivery person, at

Defendants' restaurant known as "Pete's Grill Diner", beginning in 2009, through February 20, 2022.

22. During his employment, Plaintiff Manuel Morales-Solis worked over forty (40) hours per week.

23. Prior to March 2020, Manuel Morales-Solis worked six (6) days per week. Plaintiff worked ten hours per shift, six (6) shifts per week.

24. Plaintiff often worked in excess of ten (10) hours per shift.

25. Prior to March 2020, Plaintiff was paid a weekly salary of three hundred dollars ($300.00) per week; his compensation did not fluctuate based on the number of hours he worked each week.

26. Prior to 2020, Plaintiff was paid "off the books", in cash, and he worked directly for the corporate and individual Defendants.

27. Plaintiff was not paid wages for all hours worked, or overtime compensation.

28. Plaintiff did punch a time clock or otherwise record his start and end times, but was only allowed to punch in and out three (3) shifts per week. Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

29. Plaintiff was not provided with an accurate wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay. When he was paid in cash, he was not given any accounting of his hours and pay.

30. At times relevant to this action, Plaintiff was paid his wages entirely by cash; at other times, he was paid partially by check and partially by cash.

31. Plaintiff was not provided an accurate "wage statement" with his weekly compensation.

32. When his rate of pay was changed to "hourly", Plaintiff was often paid for less hours than he actually worked.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

33. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "32" of this Complaint as if fully set forth herein.

34. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

36. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

37. Plaintiff worked hours for which he was not paid any wages.

38. At all relevant times, Defendants had a policy and practice of refusing to pay wages to Plaintiff, for some of the hours he worked.

39. Plaintiff was entitled to be paid at the rate of time and one-half his regular rate of pay for all hours worked in excess of forty (40) each workweek.

40. The Defendants failed to pay Plaintiff wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

41. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

42. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs.

43. The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiff and other employees, sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

44. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be false or inaccurate.

45. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

48. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

49. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50. At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

51. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for all hours worked.

52. The corporate and individual Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times the minimum rate of pay (or his regular rate of pay, when higher), for each hour worked in excess of forty (40) hours in a workweek.

53. Each of the Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked in excess of ten (10) hours, pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

54. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action,

pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

55. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

57. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

58. Defendants did not provide Plaintiff, with an accurate written statement properly accounting for his actual hours worked, and setting forth his true hourly rate of pay, regular wages, and/or overtime wages.

59. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying him for his full hours worked; and, overtime due.

60. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

61. Plaintiff was not provided with true and accurate wage statements as required by law.

62. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

63. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

64. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
March 22, 2022

>Respectfully submitted,
>
>CILENTI & COOPER, PLLC
>**Counsel for Plaintiff**
>200 Park Avenue – 17th Floor
>New York, NY 10166
>Telephone (212) 209-3933
>Facsimile (212) 209-7102
>pcooper@jcpclaw.com
>
>By: _____
>Peter Hans Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To: Pandzyiotis Moundros

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Manuel Morales-Solis intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of First Davi Enterprises, Inc., dba Pete's Grill Diner, for all debts, wages and / or salaries due and owing to him as laborer, servant, and / or employee of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       March 22, 2022

Respectfully submitted,

By: _____

Peter H. Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
200 Park Avenue – 17th Floor
New York, NY 10166
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Manuel Morales__, am an employee currently or formerly employed by __Pek's Grill__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__March 21__, 2022

_/s/ Manuel Morales_